Wuersch & Gering LLP
100 Wall Street, 21st Floor
New York, NY 10005
(212) 509-5050

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 8 - 2010 ★

Attorneys for Plaintiffs

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
GO-TRANS (HONG KONG) LIMITED,
GO-TRANS (SHENZHEN) LIMITED and
GO-TRANS (SHANGHAI) LIMITED,



              Plaintiffs,

       -against-                                              **COMPLAINT**

GO-TRANS (NORTH AMERICA) INC.,
INTERNATIONAL FREIGHT LOGISTICS
(USA) INC., MUHAMMAD BHATTI and              AMON  J
LISA BHATTI,

              Defendants.
-------------------------------------------------------------X

     Plaintiffs, GO-TRANS (HONG KONG) LIMITED ("GTHK" or "Plaintiff"), GO-

TRANS (SHENZHEN) LIMITED ("GTSHE" or "Plaintiff"), and GO-TRANS (SHANGHAI)

LIMITED ("GTSHA" or "Plaintiff"), through their attorneys Wuersch & Gering LLP, for their

Complaint against Defendants, GO-TRANS (NORTH AMERICA) INC. ("GTNA" or

"Defendant"), INTERNATIONAL FREIGHT LOGISTICS (USA) INC. ("IFL" or "Defendant"),

MUHAMMAD BHATTI ("Mr. Bhatti" or "Defendant") and LISA BHATTI ("Ms. Bhatti" or

"Defendant"), allege upon information and belief as follows[1]:

---

[1] All Plaintiffs are hereinafter collectively referred to as the "Plaintiffs." All Defendants are hereinafter
collectively referred to as the "Defendants," GTNA and IFL are hereinafter collectively referred to as the
"Corporate Defendants" and Mr. Bhatti and Ms. Bhatti are hereinafter collectively referred to as the "Individual
Defendants."

## JURISDICTION AND VENUE

1.      This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure.

2.      Jurisdiction over this matter is also proper pursuant to 28 U.S.C. § 1332 (2) because this is an action between citizens of foreign countries, Plaintiffs, and citizens of the State of New York, Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.      Venue properly lies in this District because Defendants reside in this District.

## PARTIES

4.      At all times herein mentioned, GTHK was, and still is, a business entity organized and existing under the laws of Hong Kong, with a principal place of business at Fullerton Centre, 19 Hung To Road, Kwung Tong, Kowloon, Hong Kong, which was, and still is, engaged in business as a freight-forwarder.  GTHK has also offices in Quingdao, Ningbo, Shanghai, Xiamen and Shenzhen.

5.      At all times herein mentioned, GTSHE was, and still is, a business entity organized and existing under the laws of the People's Republic of China, with a principal place of business at Guangfa Building, 2007 Dongmen Nan Road, Shenzhen, 518005, P.R.C., which was, and still is, engaged in business as a freight-forwarder.

6.      At all times herein mentioned, GTSHA was, and still is, a business entity organized and existing under the laws of the People's Republic of China, with a principal place

2

of business at 108 Zhaojiabang Road, Shanghai, 200023, P.R.C., which was, and still is, engaged in business as a freight-forwarder.

7.      Upon information and belief, at all times herein mentioned, Defendant GTNA was a corporation or other business entity organized and existing under the laws of the State of New York, with an address and principal place of business located at 147-32 Farmers Boulevard, 2nd Floor, Jamaica, New York 11434, which was engaged in business as a freight-forwarder.

8.      Upon information and belief, at all times herein mentioned, Defendant IFL was a corporation or other business entity organized and existing under the laws of the State of New York, with an address and principal place of business located at 147-32 Farmers Boulevard, 2nd Floor, Jamaica, New York 11434, which was engaged in business as a freight-forwarder.

9.      Upon information and belief, at all times herein mentioned, Defendant Mr. Bhatti was, and still is, an individual residing in the State of New York with an address at 3836 Jean Avenue, Bethpage, New York 11714.

10.     Upon information and belief, at all times herein mentioned, Defendant Ms. Bhatti was, and still is, an individual residing in the State of New York with an address at 3836 Jean Avenue, Bethpage, New York 11714.  Mr. Bhatti and Ms. Bhatti are husband and wife.

## FACTS

### *The Contractual Relationship between each of the Plaintiffs and GTNA*

11.     Plaintiffs and GTNA entered into transportation of forwarding agreements whereby Plaintiffs arranged for transportation or forwarding of cargo from various foreign ports to various ports in the U.S.  Under the contracts, GTNA promised to pay the agreed upon

purchase price for the services performed by Plaintiffs. As part of the agreement, GTNA promised to collect funds, which represent the price of Plaintiffs' services, on behalf of Plaintiffs from the owners, receivers or consignees of the cargo ("Cargo Interest") and remit said funds to Plaintiffs.

12.     Between 2007 and 2009, Plaintiffs transported or forwarded cargo from various foreign ports to ports in the U.S., pursuant to booking orders placed by GTNA.

13.     Plaintiffs satisfied their contractual obligations in connection with the cargo booked by GTNA by prepaying the freight to the ocean carriers, forwarding or transporting said cargo from various foreign ports to ports in the U.S., and delivering said cargo according to GTNA's booking orders. For their services, Plaintiffs issued invoices.

14.     In connection with the cargo transported or forwarded by Plaintiffs per GTNA's booking orders, GTNA collected funds from the Cargo Interest representing payment of the freight and other shipping-related charges. GTNA has failed to remit said funds to Plaintiffs and/or pay for Plaintiffs' invoices.

15.     Notwithstanding Plaintiffs' numerous demands for payment, GTNA has refused and continues to refuse to pay Plaintiffs. GTNA's refusal is without basis since, on several occasions, GTNA has acknowledged its debt to Plaintiffs. By reason of GTNA's failures, GTHK has suffered damages in the amount of $335,149.27, GTSHE suffered damages in the amount of $955.98, and GTSHA suffered damages in the amount of $157,037.09.

### *Piercing the Corporate Veil*

16.     The Individual Defendants are husband and wife. The Individual Defendants are the controlling, dominating or only shareholders, officers and directors of GTNA and, at all relevant times, exercised absolute control and dominion over the affairs of GTNA by, *inter alia,*

supervising, hiring and firing GTNA's personnel, having responsibility for and total control of GTNA's bank accounts, negotiating and entering into contracts with GTNA's customers and contractors, disposing of GTNA's assets at will, and, in particular, disposing of GTNA's assets to their sole benefit and to the detriment of GTNA's creditors, including GTH. The Individual Defendants held, and still hold, all key positions within GTNA.

17.     At all relevant times, GTNA was an undercapitalized shell. On numerous occasions, the Individual Defendants informed Plaintiffs that GTNA had no money to pay Plaintiffs, notwithstanding the fact that GTNA kept doing business with Plaintiffs, including booking cargo with Plaintiffs and collecting thousands of dollars from the Cargo Interest in connection with Plaintiffs' services. Instead of paying Plaintiffs with the funds collected from Cargo Interest, GTNA kept said funds. Several excuses were found by the Individual Defendants when questioned by Plaintiffs as to the reasons for non-payment of money clearly owed to Plaintiffs, including without limitation the fact that GTNA's bank accounts had been frozen due to a suit filed by the U.S. Government for GTNA's violation of U.S. embargo laws, as well as other bank-related problems.

18.     The funds that GTNA collected from Cargo Interest and which GTNA owes to Plaintiffs was siphoned off and diverted by the Individual Defendants to their own personal benefit and/or to the benefit or interest other than GTNA's interest, including the interest of Defendant IFL, another entity owned and controlled by the Individual Defendants, as more fully set forth below. For instance, said funds, and in general GTNA's assets, were used by the Individual Defendants to pay invoices addressed to IFL by third parties and, in general, debts and obligations which IFL incurred with third parties. Additionally, money which was supposed to be paid by third parties, including, but not limited to, an entity named Pollak Import

Export Corp., to GTNA was paid to IFL, upon the Individual Defendants' instructions to such third parties. Moreover, GTNA's receivables were offset with IFL's debts and obligations. Furthermore, money, receivables, debts and even business opportunities were shuffled at will by the Individual Defendants between GTNA and IFL and were ultimately transferred to IFL.

19.     At all relevant times, the Individual Defendants were, and still are, the controlling, dominating or only shareholders, officers and directors of IFL, and exercised absolute control and dominion over the affairs of IFL by, *inter alia*, supervising, hiring and firing IFL's personnel, having responsibility for and total control of IFL's bank accounts, negotiating and entering into contracts with IFL's customers and contractors, and disposing of IFL's assets at will. The Individual Defendants held, and still hold, all key positions within IFL. IFL was created and/or used by the Individual Defendants to fraudulently transfer to it GTNA's receivables, assets, and even the funds that GTNA collected from Cargo Interest. GTNA is now an empty shell that was stripped of its assets by the Individual Defendants so that Plaintiffs would find an empty shell when trying to obtain its money. All significant business is now conducted by IFL which has received GTNA's assets, including GTNA's customers, without proper consideration. Customers previously handled and serviced by GTNA were later on be handled and serviced by IFL without a justifiable business reason.

20.     Dealings between IFL and GTNA were not conducted at arms' length. Cargo would be booked by one of the Corporate Defendants while the relevant bills of lading would reflect the other Corporate Defendant as party to the contract of carriage.

21.     The Corporate Defendants share the same business address, office space, telephone and fax numbers. Emails are received and/or sent by GTNA's email address and

account while their contents refer to IFL, and vice-versa. GTNA and IFL appear to be one entity. GTNA and IFL also employ, and use at will and without distinction, the same employees.

22.     Upon information and belief, the Corporate Defendants do not maintain corporate books and records and do not follow other corporate formalities. The Individual Defendants, and not the board of directors of the Corporate Defendants, make all decisions on behalf of the Corporate Defendants. No dividends are paid to the shareholders of the Corporate Defendants. Instead, the Individual Defendants use the Corporate Defendants' funds as their own piggybank.

### *The Fraudulent Scheme*

23.     Upon information and belief, during the relationship between Plaintiffs and GTNA, the Individual Defendants were engaging on a fraudulent scheme which allowed them to obtain services from Plaintiffs and collect, and pocket, more and more funds from the Cargo Interest until GTNA was stripped of its assets, including Plaintiffs' funds, and was rendered insolvent. The Individual Defendants kept reassuring Plaintiffs that payment was forthcoming and that the delays were due to unexpected circumstances. Plaintiffs relied on the Individual Defendants' representations. Plaintiffs allowed GTNA additional time to pay the old debt and, relying on the Individual Defendants' promises and representations, allowed that GTNA receive more of Plaintiffs' services and collect more funds.

24.     Once GTNA collected a large enough sum of money, the Individual Defendants commenced stripping GTNA of its assets and transferring said assets to IFL, through which they started conducting their business. Now GTNA has no assets and no money to pay Plaintiffs. The conduct, acts and/or omission of GTNA which give rise to the causes of action herein, are attributable to the Individual Defendants who, at the same time, benefitted from the conduct, acts and/or omissions of GTNA.

25.     Therefore, the Individual Defendants' domination over GTNA and IFL was, and still is, so complete and interference so obtrusive that the Corporate Defendants were, and still are the agents of the Individual Defendants and the Individual Defendants were, and are, the alter ego of the Corporate Defendants. The Corporate Defendants were so completely dominated by the Individual Defendants that they had no separate mind, existence, or will of their own. GTNA was operated by the Individual Defendants to defraud innocent third parties, such as Plaintiffs, and escape personal liability. The Individual Defendants were, and still are, actually carrying on the business of GTNA and IFL in their capacities and/or for purely personal rather than corporate ends. The Individual Defendants used the Corporate Defendants as a cloak for illegality.

26.     Additionally, as principals, officers and directors of GTNA, the Individual Defendants owed a fiduciary duty to Plaintiffs, as GTNA's creditor. The Individual Defendants misappropriated GTNA's and Plaintiffs' funds and damaged the relationship between GTNA and Plaintiffs.

27.     By reason of all of the foregoing, Plaintiffs, the intended victims of the Defendants, suffered damages. GTNA, as a corporate entity, must be disregarded and its corporate veil must be pierced in order to frustrate fraud or illegality and/or to achieve equity and in order to make the Individual Defendants personally liable for Plaintiffs' damages. IFL should also be held liable for Plaintiffs' damages for the above reasons.

28.     Plaintiffs bring this action on their own behalf and as agents and/or trustees on behalf of and for the interest of all parties who may be or become interested in the said action, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

**COUNT I**

**FIRST CAUSE OF ACTION**
**FOR BREACH OF CONTRACT**
**AGAINST ALL DEFENDANTS**

29. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 28 of this Complaint as if herein set forth at length.

30. GTNA had a contractual obligation to pay for Plaintiffs' services. GTNA has failed to pay, notwithstanding Plaintiffs' numerous demands. GTNA's failure amounts to breach of the forwarding contracts. Plaintiffs have performed their obligations under the forwarding contracts.

31. GTNA's breaches herein are imputable to the Individual Defendants and to IFL, for the reasons set forth above.

32. By reason of the foregoing, Plaintiffs have suffered damages in the amounts set forth at paragraph 15 of this Complaint.

**COUNT II**

**SECOND CAUSE OF ACTION**
**FOR BREACH OF AGENCY AGREEMENT**
**AGAINST ALL DEFENDANTS**

33. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 32 of this Complaint as if herein set forth at length.

34. The relationship between GTNA and each of the Plaintiffs gave rise to an agency agreement, where GTNA was the agent and each of the Plaintiffs was the principle, in connection with collecting funds from the Cargo Interest for Plaintiffs' services.

35.     By failing to make payment to Plaintiffs of the funds collected from Cargo Interest, GTNA, as Plaintiffs' agent, breached the contract with each of the Plaintiff.

36.     GTNA's failure herein is imputable to all Defendants, for the reasons set forth above.

37.     By reason of the foregoing, GTH suffered damages in the amounts set forth at paragraph 15 of this Complaint.

## COUNT III

### THIRD CAUSE OF ACTION
### FOR BREACH OF FIDUCIARY DUTY
### AGAINST ALL DEFENDANTS

38.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 37 of this Complaint as if herein set forth at length.

39.     As Plaintiffs' agent, GTNA owed a fiduciary duty to Plaintiffs.

40.     By failing to pay and by misinforming Plaintiffs, GTNA breached its fiduciary duty to Plaintiffs.

41.     GTNA's failures herein are imputable to all Defendants, for the reasons set forth above.

42.     By reason of the foregoing, Plaintiffs suffered damages in the amounts set forth at paragraph 15 of this Complaint.

## COUNT IV

### FOURTH CAUSE OF ACTION FOR FRAUD
### AGAINST ALL DEFENDANTS

10

43.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 42 of this Complaint as if herein set forth at length.

44.     The Individual Defendants, through GTNA, committed the intentional tort of fraud as against Plaintiffs.

45.     During the course of the past several months on several occasions, both Mr. and Ms. Bhatti, verbally and in writing, promised to each of Plaintiffs' executives (including Thomas Sasse) that GTNA would pay all outstanding amounts once the problems unrelated to the GTNA-Plaintiffs relationship were solved.  Instead, payment was not made notwithstanding all the promises.  The Individual Defendants did this with the sole intention to buy time, receive services from Plaintiffs and collect more and more money from Cargo Interest.  The Individual Defendants made these representations knowing that they were false or with reckless disregard as to their truth.  These representations were made with the intent to defraud Plaintiffs and avoid liability once GTNA was rendered insolvent.

46.     Among the numerous promises made to Plaintiffs, on April 8, 2008, Mr. Bhatti wrote to Ms. Sasse that "I will pay all the amount w/out fail [*sic*] but I need very little time ... Bottom line is, cit bank [*sic*] had frozen my credit line and will not open my credit line until the probation is over which is at the end of the oct, [*sic*] 2008 ... You have to trust me on this as you have done in the past."  The same litany was repeated on numerous occasions by both Mr. Bhatti and Ms. Bhatti, including, without limitation, on April 3, 2008, when Mr. Bhatti wrote to Mr. Sasse that payment of the outstanding debt would be made in 4 or 5 installments "with 60 day time frame" but that if Plaintiffs put pressure on him, GTNA would go out of business and that would hurt Plaintiffs.  Over the phone, Ms. Bhatti also reiterated the same concepts to Mr. Sasse and Plaintiffs' employees in the account department in 2007, 2008 and 2009.

47.     The Individual Defendants' representations herein were made knowing them to be false or, alternatively, with reckless disregard as to their truth. The Individual Defendants made these representations knowing that payment would not be made to Plaintiffs.

48.     The Individual Defendants' representations were made with the intention to induce Plaintiffs to rely on the representations. Plaintiffs did rely on these misrepresentations and extended GTNA's credit, allowing GTNA to receive more money and services. Plaintiffs' reliance on the misrepresentations herein was justifiable, given, among other things, the fact that Plaintiffs and GTNA had done business for a long period of time prior to GTNA's failure to pay.

49.     The misrepresentations to Plaintiffs were made in furtherance of the fraudulent scheme perpetrated by the Individual Defendants against Plaintiffs. Pursuant to this fraudulent scheme, the Individual Defendants would request additional time to pay GTNA's debt. In the meantime, the Individual Defendants convinced Plaintiffs to continue doing business with GTNA, allowing the Individual Defendants to receive and pocket more money. Meanwhile, the Individual Defendants were stripping GTNA of its assets and were shifting GTNA's business, assets and customers to IFL. GTNA is now an insolvent empty shell.

50.     By reason of the foregoing, Plaintiffs suffered damages, in the amounts set forth at paragraph 15 of this Complaint, as a result of their reliance on the false representations.

## COUNT V

### FIFTH CAUSE OF ACTION
### FOR NEGLIGENT MISREPRESENTATION
### AGAINST ALL DEFENDANTS

51.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 50 of this Complaint as if herein set forth at length.

52.     The Individual Defendants' representations of Count IV were negligently made.

53.    By reason of the foregoing, Plaintiffs suffered damages, in the amounts set forth at paragraph 15 of the Complaint, as a result of their reliance on the false representations.

## COUNT VI

### SIXTH CAUSE OF ACTION
### UNDER N.Y.D.C.L. § 273 AGAINST IFL

54.    Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 53 of this Complaint as if herein set forth at length.

55.    GTNA transferred assets, funds and customers to IFL without receiving fair consideration for such transfers.

56.    At the date of such transfers, GTNA was either insolvent or rendered insolvent by such transfers.

57.    By reason of the foregoing, Plaintiffs are entitled to an order and judgment against IFL under Section 273 of N.Y.D.C.L. that each of the transfers shall be avoided.  As IFL is the initial, immediate or mediate transferee of such transfers, Plaintiffs are entitled to recover the proceeds or value of the transfers.

## COUNT VII

### SEVENTH CAUSE OF ACTION
### UNDER N.Y.D.C.L.§ 274 AGAINST IFL

58.    Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 57 of this Complaint as if herein set forth at length.

59.    GTNA transferred assets, funds and customers to IFL without receiving fair consideration for such transfers.

13

60.   At the date of such transfers, GTNA was either insolvent or rendered insolvent by such transfers.

61.   At the time of each transfer, GTNA was either engaged or about to be engaged in a business or transaction in which property remaining in its hands after each transfer would be an unreasonably small capital.

62.   Upon the foregoing, the Plaintiffs are entitled to an order and judgment against IFL under Section 274 of the N.Y.D.C.L. that each of the transfers shall be avoided.  As IFL is the initial, immediate or mediate transferee of the transfers, the Plaintiffs are entitled to recover the proceeds or value of the transfers.

## COUNT VIII

### EIGHTH CAUSE OF ACTION
### UNDER N.Y.D.C.L. § 275 AGAINST IFL

63.   Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 62 of this Complaint as if herein set forth at length.

64.   GTNA transferred assets, funds and customers to IFL without receiving fair consideration for such transfers.

65.   At the date of such transfers, GTNA was either insolvent or rendered insolvent by such transfers.

66.   At the time of each transfer, GTNA was either engaged or about to be engaged in a business or transaction in which property remaining in its hands after each transfer would be an unreasonably small capital.

67.   Upon the foregoing, the Plaintiffs are entitled to an order and judgment against IFL under Section 275 of the N.Y.D.C.L. that each of the transfers shall be avoided.  As IFL is

14

the initial, immediate or mediate transferee of the transfers, the Plaintiffs are entitled to recover the proceeds or value of the transfers.

## COUNT IX

### NINTH CAUSE OF ACTION
### FOR UNJUST ENRICHMENT
### AGAINST THE INDIVIDUAL DEFENDANTS AND IFL

68.    Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 67 of this Complaint as if herein set forth at length.

69.    Each of the Individual Defendants and IFL benefitted by receiving property from GTNA to which they were not entitled.

70.    Each of the Individual Defendants and IFL benefitted unjustly at the Plaintiffs' expense.

71.    It is inequitable and unjust for each of the Individual Defendants and IFL to have received, been enriched by and retained without payment of value, such benefits.

72.    Equity and good conscience require that each of the Individual Defendants and IFL disgorge property obtained improperly.

73.    By reason of the foregoing, each of the Individual Defendants and IFL have been unjustly enriched and the Plaintiffs are entitled to judgment against each of the Individual Defendants and IFL in the amounts set forth at paragraph 15 of this Complaint.

## COUNT X

### TENTH CAUSE OF ACTION
### FOR BREACH OF FIDUCIARY DUTY
### AGAINST THE INDIVIDUAL DEFENDANTS

74.    Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 73 of this Complaint as if herein set forth at length.

75.     As officers of GTNA, the Individual Defendants owed a fiduciary duty to Plaintiffs, as creditor of GTNA.  The Individual Defendants breached the fiduciary duty to Plaintiffs in that they stripped GTNA of its assets rendering GTNA insolvent.

76.     By reason of the foregoing, Plaintiffs suffered damages, in the amounts set forth at paragraph 15 of this Complaint, as a result of the Individual Defendants' breach.

<u>COUNT XI</u>

<u>ELEVENTH CAUSE OF ACTION</u>
<u>FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY</u>
<u>AGAINST IFL</u>

77.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 76 of this Complaint as if herein set forth at length.

78.     The Individual Defendants owed fiduciary duties and obligations to GTNA during all times material hereto.

79.     Each of the transfers were made in violation of the Individual Defendants' fiduciary duties and obligations to GTNA.

80.     At all relevant times, IFL was aware that the Individual Defendants owed fiduciary duties and obligations to GTNA.

81.     IFL was aware that the transfers were all in violation of the Individual Defendants' fiduciary duties and obligations to GTNA.

82.     Notwithstanding this knowledge, as set forth above, IFL, encouraged, substantially assisted, facilitated and/or participated with the Individual Defendants in their breaches of their fiduciary duties and obligations to GTNA.

83.     IFL's aiding and abetting of the Individual Defendants' breaches of their fiduciary duties to GTNA directly and proximately harmed the Plaintiffs, by among other injuries,

16

diminishing GTNA's assets, reducing GTNA's ability to conduct its business and increasing the likelihood that GTNA's creditors would not be paid.

84.    Accordingly, Plaintiffs are entitled to judgment against IFL in the amounts set forth at paragraph 15 of this Complaint.

## CONCLUSION

WHEREFORE, Plaintiff, Go-Trans (Hong Kong) Limited, respectfully demands judgment against Defendants, Go-Trans (North America) Inc., International Freight Logistics (USA) Inc., Muhammad Bhatti and Lisa Bhatti, on each and every cause of action, in the amount of $335,149.27, plus interest, costs and fees of this action, together with attorneys fees; and such other and further relief that this Court may deem just and proper;

Plaintiff, Go-Trans (Shenzhen) Limited, respectfully demands judgment against Defendants, Go-Trans (North America) Inc., International Freight Logistics (USA) Inc., Muhammad Bhatti and Lisa Bhatti, on each and every cause of action, in the amount of $955.98, plus interest, costs and fees of this action, together with attorneys fees; and such other and further relief that this Court may deem just and proper;

Plaintiff, Go-Trans (Shanghai) Limited, respectfully demands judgment against Defendants, Go-Trans (North America) Inc., International Freight Logistics (USA) Inc., Muhammad Bhatti and Lisa Bhatti, on each and every cause of action, in the amount of $157,037.09, plus interest, costs and fees of this action, together with attorneys fees; and such other and further relief that this Court may deem just and proper;

Each and all Plaintiffs demand judgment against defendant International Freight Logistics (USA) Inc. under Section 273 of N.Y.D.C.L. that each of the transfers shall be avoided and the Plaintiffs are entitled to recover the proceeds or value of the transfers;

17

Each and all Plaintiffs demand judgment against International Freight Logistics (USA) Inc. under Section 274 of the N.Y.D.C.L. that each of the transfers shall be avoided and the Plaintiffs are entitled to recover the proceeds or value of the transfers;

Each and all Plaintiffs demand judgment against International Freight Logistics (USA) Inc. under Section 275 of the N.Y.D.C.L. that each of the transfers shall be avoided and the Plaintiffs are entitled to recover the proceeds or value of the transfers.

Dated: January 7, 2010

Wuersch & Gering, LLP
Attorneys for Plaintiffs

By:

Francesco Di Pietro (FD 6383)
100 Wall Street, 21st Floor
New York, New York 10005
(212) 509-5050